**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AVAIL 1 LLC,

                              **Plaintiff,**

           –against–                                              18  Civ. 11209  (PED)

ANDREA C. ADOVASIO,                                              **ORDER**

                              **Defendant.**

PAUL E. DAVISON, U.S.M.J.:

      On preliminary review of Plaintiffs' motion for summary judgment, Dkt. 19, the parties'

briefs raise but do not squarely address the following issues:

1.  Whether the inclusion of the new principal sum of $59,600.87 in the Consolidation, Extension and Modification Agreement ("CEMA") created a second mortgage, *see Nucci v. Phh Mortg. Corp.*, No. 14 Civ. 2683 (NGG) (RML), 2016 WL 1070815, at *4 (E.D.N.Y. Mar. 16, 2016), *aff'd*, 679 F. App'x 48 (2d Cir. 2017) ("A consolidation agreement combining multiple outstanding mortgages into a single lien is not considered a new mortgage where *no* new money is included in the consolidation." (emphasis added)), and, if so, whether, and under what authority, this would require the CEMA to be recorded in the land records and/or the execution of a "gap note or consolidated mortgage" in order to create a valid lien on the property.

2.  Assuming *arguendo* that the CEMA failed to create a valid lien, whether Plaintiff could maintain standing pursuant to its purported status as the holder of the original note with allonge.

3.  If, on the other hand, the CEMA created a valid lien, whether the execution of the CEMA extinguished or replaced the original note and mortgage or whether they continue to exist independent of the CEMA. *Compare CIT Bank, N.A. v. Elliot*, 15 Civ. 4395 (JS) (ARL), 2019 WL 2436212, at *3 (E.D.N.Y. Feb. 5, 2019) (explaining that (1) a consolidated mortgage supersedes the prior mortgage where, as here, the language of the CEMA so provides, and that (2) the execution of a CEMA consolidating two existing mortgages and the promissory notes secured by them "did not extinguish or replace the two existing mortgages" where, as is *not* the case here, "no new money was included in the CEMA."), *with Benson v. Deutsche Bank Nat. Tr., Inc.*, 109 A.D.3d 495, 498 (2013) ("[w]here . . . balances of first mortgage loans are increased with second mortgage loans and CEMAs are executed to consolidate the mortgages into single liens, the first notes and mortgages still exist and may be assigned to other lenders").  And, assuming the original note and mortgage were extinguished or replaced by the CEMA, how the fact that the CEMA has not been assigned or endorsed to Plaintiff would affect Plaintiff's standing.

4. Assuming Plaintiff's standing can be established pursuant to its status as the holder or assignee of the original note with allonge, and not the CEMA, how this would affect Plaintiff's recovery.

The parties are hereby **ORDERED** to simultaneously file supplemental briefs addressing these issues by June 8, 2020.

Dated:  May 8, 2020
         White Plains, New York

                                                **SO ORDERED**


                                                _____
                                                PAUL E. DAVISON
                                                United States Magistrate Judge